IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

| | | |
|---|---|---|
| JOHN LYLES, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | |
| ANDREW SAUL, | * | No. 3:20-cv-00225-JJV |
| Commissioner of the | * | |
| Social Security Administration, | * | |
| | * | |
| Defendant. | * | |

**MEMORANDUM AND ORDER**

Plaintiff, John Lyles, has appealed the final decision of the Commissioner of the Social Security Administration to deny his claim for disability insurance benefits. Both parties have submitted appeal briefs and the case is ready for a decision.

A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993). After careful review of the pleadings and evidence in this case, I find the Commissioner's decision is supported by substantial evidence and the Complaint should

be DISMISSED.

Plaintiff is forty-nine. (Tr. 40.) He is a high school graduate, (Tr. 40-41), and has past relevant work as a deputy sheriff, food prep worker, hand packager, and machine packager. (Tr. 25-26.)

The Administrative Law Judge (ALJ)[1] first found Mr. Lyles had not engaged in substantial gainful activity from the alleged onset date of March 6, 2017. (Tr. 12.) He determined that Plaintiff had a number of "severe" impairments but did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (Tr. 13-15.)

The ALJ determined Mr. Lyles had the residual functional capacity to perform a reduced range of sedentary work. (Tr. 15.) Given his residual functional capacity, the ALJ determined Plaintiff was unable to perform his past relevant work. (Tr. 25-26.) Therefore, the ALJ utilized the services of a vocational expert to determine if jobs existed in significant numbers that Plaintiff could perform despite his impairments. (Tr. 54-56.) Based on a set of hypothetical questions posed to the vocational expert, the ALJ concluded Plaintiff could perform the jobs of document specialist, clerical mailer, and touch-up screener. (Tr. 27.) Accordingly, the ALJ determined Mr. Lyles was not disabled. (*Id.*)

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[2] 420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner. (Tr. 1-3.) Plaintiff filed the instant Complaint initiating this appeal. (Doc. No. 2.)

The Commissioner aptly summarizes this case in saying, "Plaintiff is in the untenable position of having to concede that he performed medium exertional work before March 6, 2017, and returned to the same medium exertional work with no accommodations after September 22, 2018, yet arguing that between those two dates he could not perform even sedentary exertional work." (Doc. No. 15 at 8.) Plaintiff's treating doctor, Michael Hussey, M.D., determined, after shoulder reconstruction surgery, Plaintiff could "return back to work without restrictions in 4 months." (Tr. 1340.) Plaintiff confirmed at the administrative hearing he "continues to work at the same job. . . ." (Tr. 36.) Plaintiff is commended for a solid work history and returning to the workforce after a round of serious illnesses and injuries.

Plaintiff contends he was disabled for a closed period from March 6, 2017 to September 22, 2018. Plaintiff's most compelling argument is with regard to the resulting absenteeism during his recovery period. He says, "He was unable to work full-time or perform at the level of substantial gainful activity during this period. Simply considering the number of doctor's visits, therapy visits, and medical interventions he had during this time proves that his level of absenteeism would be incompatible with work activity. During this approximately 18-month period, Plaintiff had over 60 medical visits." (Doc. No. 12 at 12-13.) While Plaintiff makes a good point, I find the Commissioner's authority on this point to be persuasive. (Doc. 15 at 9-10.) While it is possible Mr. Lyles's case is distinguishable, the record fails to show how he was unable to balance his therapy and doctor's visits with his work schedule.

And I am unable to conclude remand is appropriate because the ALJ failed to develop the record on this point. Plaintiff bears a heavy burden in showing the record has been inadequately

3

developed. He must show both a failure to develop necessary evidence and unfairness or prejudice from that failure. *Combs v. Astrue*, 243 Fed.Appx. 200, 204 (8th Cir. 2007). Plaintiff has shown neither. Moreover, Plaintiff is reminded he had the burden of proving his disability. *E.g., Sykes v. Bowen*, 854 F.2d 284, 285 (8th Cir. 1988). Thus, he bore the responsibility of presenting the strongest case possible. *Thomas v. Sullivan*, 928 F.2d 255, 260 (8th Cir. 1991).

Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382(a)(3)(A). A "'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(3)(D).

Plaintiff has advanced other arguments that I have considered and find to be without merit. Counsel for the Commissioner has provided persuasive arguments on these points.

Counsel for both sides have done excellent work on behalf of their respective clients. The overall evidence provides substantial support for the ALJ's determination that Mr. Lyles could perform a reduced range of sedentary work during the period in question.

It is not the task of a court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence on the record as a whole

that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, ORDED that the final decision of the Commissioner is affirmed and Plaintiff's Complaint is dismissed with prejudice.

DATED this 19th day of April 2021.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE